UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIAN KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16-cv-01383-AGF |
| | ) |
| THE CITY OF CRESTWOOD, | ) |
| MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion (Doc. No. 4) of Defendants the City of Crestwood, Missouri; and John Newsham, in his official capacity as municipal judge, to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will grant Defendants' motion to dismiss for failure to state a claim, without reaching Defendants' *Rooker-Feldman* argument.

Plaintiff brought this action under 42 U.S.C. § 1983, claiming that the City and Judge Newsham, solely in his official capacity, violated Plaintiff's constitutional due process rights. As alleged in the complaint, in July 2013, the City charged Plaintiff with disorderly conduct, in violation of a municipal ordinance, after Plaintiff allegedly inserted himself into an altercation between two other individuals outside a bowling alley, drew a

firearm, and pointed the firearm at one of the individuals. Plaintiff asserted an affirmative defense of justification and moved for Judge Newsham to enter an order that Plaintiff had established a prima facie "absolute defense of justification." Judge Newsham did not rule on that motion prior to or at trial, despite Plaintiff's request for a ruling. After a bench trial, on August 28, 2014, Judge Newsham adjudicated Plaintiff "not guilty" of violating the ordinance. On or about July 5, 2015, Plaintiff moved for an award of attorney's fees and costs, to which he believed he was entitled under the Missouri statute governing the defense of justification. On June 2, 2016, Judge Newsham entered an "Order and Judgment" holding that the municipal court did not have jurisdiction to rule on Plaintiff's motion for attorney's fees and costs. Plaintiff does not allege whether he appealed or sought further proceedings in the state court with respect to Judge Newsham's June 2, 2016 Order.

In his current federal complaint, Plaintiff alleges that Judge Newsham's actions in his municipal case established a "policy [of the City] to disobey Missouri statutes legislating procedures for [Plaintiff] to assert his due process rights, and to have property—costs and attorneys' fees—from [the City] after successful prosecution of his 'Justification' defenses." (Doc. No. 1 at 12.) Plaintiff asks the Court to award him costs and attorney's fees as set forth in his original motion before the municipal court, his costs and attorney's fees in this action, and a declaration that Judge Newsham's "Order establishing a policy of 'no jurisdiction' to award costs and attorney fees under Missouri 'Justification' statutes [is] unconstitutional and void." *Id.* at 13.

The City and Judge Newsham have moved to dismiss the complaint. Defendants argue that Plaintiff's complaint should be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, because the complaint is, in effect, an improper appeal of Judge Newsham's Order and Judgment. Alternatively, Defendants argue that the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim for municipal liability under § 1983. In support of this alternative argument, Defendants contend that because Judge Newsham's actions were taken in his capacity as a municipal judge and not as a final policymaker of the City, his actions cannot give rise to a claim for municipal liability against the City, or to a claim against the Judge in his official capacity, which is functionally equivalent to a claim against the City.[1]

Although the Court agrees that this case is likely barred under the *Rooker-Feldman* doctrine,[2] because the case is more clearly subject to dismissal for failure to

---

[1] Defendants also argue that Judge Newsham is entitled to absolute judicial immunity and that Plaintiff fails to adequately allege a due process violation. In light of the Court's holding, discussed below, the Court need not reach these additional arguments.

[2] "The *Rooker–Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "One way to determine whether a federal claim is based on a complaint of injury caused by a state-court judgment, and thus an appeal of such judgment, is to determine if the state and federal claims are 'inextricably intertwined,'" meaning that "the federal claims can succeed only to the extent the state court wrongly decided the issues before it." *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011). Here, although Plaintiff was not a state court "loser" in all respects (he was found not guilty of violating the municipal

3

state a claim, the Court will grant Defendants' motion on their alternative ground. *See In re Athens/Alpha Gas Corp.*, 715 F.3d 230, 235 (8th Cir. 2013) (recognizing that a federal court may reach a merits question without first deciding a "murky" *Rooker-Feldman* question).

With respect to Plaintiff's claim against the City, "[s]ection 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Indep., Mo.*, 829 F.3d 695, 699-700 (8th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), and *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). To survive a motion to dismiss such a claim, a complaint must allege facts sufficient "to draw an inference that the conduct complained of resulted from an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004).

The only basis for municipal liability alleged by Plaintiff here is that Judge Newsham's actions in Plaintiff's municipal case established an official policy of the City. A single act of a city official may constitute a municipal policy where the official has "final policymaking authority," which is a question of state law, and where the challenged action was "taken pursuant to a policy adopted by the official . . . responsible under state law for making policy in that area of the city's business." *City of St. Louis v.*

---

ordinance), he did "lose" on the issue of attorney's fees. And he effectively asks this Court to declare the municipal court's order on that issue void, which would appear to bring this case within the confines of *Rooker-Feldman*.

*Praprotnik*, 485 U.S. 112, 123 (1988) (emphasis removed) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 482-83 (1986)).

A municipal judge's "judicial decision made in a case that came before [him] on a court docket" is "not a final policy decision of a type creating municipal liability under § 1983." *Granda v. City of St. Louis*, 472 F.3d 565, 569 (8th Cir. 2007); *see also Woods v. City of Michigan City, Ind.*, 940 F.2d 275, 279 (7th Cir. 1991) (holding that a plaintiff, "by naming [a particular municipal court judge acting in his judicial capacity] as the source of the constitutional deprivation, detach[ed] the local governments from the unconstitutional policy"). Therefore, the Court must dismiss Plaintiff's claim against the City for failure to state a claim.

Plaintiff's claim against Judge Newsham in his official capacity is "functionally equivalent" to his claim against the City, and may be dismissed as redundant of that claim. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **GRANTED**. (Doc. No. 4.)

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 30th day of November, 2016.